994 So.2d 1125 (2007)
Ingrid Diana GRIEM, as Personal Representative of the Estate of Ronald Griem, Appellant,
v.
Anita BECKER, Appellee.
No. 3D06-3142.
District Court of Appeal of Florida, Third District.
December 26, 2007.
Billbrough & Marks and G. Bart Billbrough, Coral Gables, for appellant.
*1126 Paglino & Degenhardt and Joseph S. Paglino, Hollywood, for appellee.
Before GERSTEN, C.J., and COPE and CORTIÑAS, JJ.
CORTIÑAS, Judge.
Appellant seeks review of an order (the "Order on Appeal") setting aside a determination of the heirs to the estate of Ronald Griem (the "Decedent"). We have jurisdiction pursuant to Rule 9.110(a)(2), Florida Rules of Appellate Procedure.
The circuit court entered an order on October 10, 2006, determining that Ingrid Diana Griem and Deborah Griem Posada (collectively "Griem's Daughters") were the heirs to the Decedent's estate and declaring the Decedent's purported marriage to the appellee, Anita Becker, null and void (the "Original Order").[1] Specifically, the Original Order provided in pertinent part:
A. That as a matter of law, [Griem's Daughters are] entitled to the relief sought in the Petition to Determine Heirs.
B. That the Petition to Determine Heirs is hereby GRANTED.
C. That the purported marriage between the decedent, Ronald Griem and Anita Becker is declared null and void (ab initio).
D. That the beneficiaries of the Estate are determined to be:

Name Relationship Estate Share
INGRID DIANA
GRIEM Daughter 50%
DEBORAH GRIEM
POSADA Daughter 50%

Pursuant to appellee's motion, the court set aside the Original Order and issued the Order on Appeal which stated in pertinent part:
1. The Motion to Set Aside Order Determining Heirs is hereby GRANTED.
2. The Order Determining Heirs dated October 10, 2006, is hereby set aside and shall have no legal effect. INGRID DIANA GRIEM and DEBORAH GRIEM POSADA are not the beneficiaries of the Estate of Ronald Griem.
3. The marriage between the decedent, RONALD GRIEM, and ANITA BECKER is declared to be in full force and effect since its inception as recognized by the State of Florida.
(Emphasis added.)
It appears that the court endeavored to simply negate the language in the Original Order, but exceeded its intended result. However, while the circuit court attempted to set aside the prior determination as to the heirs, it confusingly stated that Griem's Daughters "are not beneficiaries." The language used by the court in the Order on Appeal can be interpreted as making a final determination as to whether Griem's Daughters are beneficiaries of Decedent's estate. Likewise, the court specifically "declared" the marriage between the Decedent and appellee "to be in full force and effect since its inception," despite the fact that the validity of the marriage is being contested in appellant's petition to determine heirs.
Florida Probate Rule 5.385(c) provides that following the filing of a petition to determine heirs, "[a]fter formal notice and hearing, the court shall enter an order determining the beneficiaries or the shares and amounts they are entitled to receive, or both." Here, there is no indication in the record that a hearing was held on *1127 either the determination of heirs or on the validity of Decedent's marriage to appellee.
Accordingly, we affirm Paragraph 1 of the Order on Appeal and Paragraph 2, to the extent that it reads "[t]he Order Determining Heirs dated October 10, 2006, is hereby set aside and shall have no legal effect," and reverse as to all remaining portions.
Reversed and remanded.
NOTES
[1] The Original Order was entered because appellee failed to timely file a response to appellant's petition to determine heirs.